## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

IN RE:  *Just For Men® Mass Tort Litigation*

Case No. 3:16-cv-00638-DRH
Master Docket – In Re:  *Just For Men® Mass Tort Litigation*

**This Document Relates to:**

**ALL Just for Men® Cases**

## CASE COORDINATION ORDER

**DAVID R. HERNDON, Judge:**

On June 9, 2016, the Court held a status conference in *Davis v. Combe Incorporated, et al.* (3:16-cv-169 – hereinafter "Davis"), *Lindsey, et al. v. Combe Incorporated, et al.* (3:16-cv-223 – hereinafter "Lindsey"), *Martin, et al. v. Combe Incorporated, et al.* (3:16-cv-227 – hereinafter "Martin"), *Brownlee, et al. v. Combe Incorporated, et al.* (3:16-cv-228 – hereinafter "Brownlee"), *Brim, et al. v. Combe Incorporated, et al.* (3:16-cv-229 – hereinafter "Brim"), and *Lasley, et al. v. Combe Incorporated, et al.* (3:16-cv-232 – hereinafter "Lasley"), and pursuant to this Court's Orders of May 24, 2016, required that Lead Counsel for Plaintiffs and Defendants personally appear.

The Court presided over suggestions of counsel regarding a joint proposal to coordinate certain pretrial matters of the substantial number of presently filed

cases, as well as any future cases, alleging injuries from use of Defendants' marketed products known as the line of Just for Men® hair coloring products.

The Court concludes that the interests of judicial economy will be served by coordinating all pretrial matters in the Just for Men® cases. Therefore, the Court **ORDERS AS FOLLOWS**[1]:

1.      **Applicability of Order.** The provisions of this Order (and of future orders applicable to "All Cases") shall govern the practice and procedure in those actions that are pending in this Court which are identified on Attachment A and known as the Just for Men cases. This Order shall be filed in each of those cases, and will also apply to any future Just for Men cases that arrive in this Court.

2.      **Coordination.** These civil actions identified in Attachment A shall be coordinated for discovery and certain pretrial purposes. Any related cases which are later filed in, removed to or transferred to this Court, or any related actions directly filed in the Southern District of Illinois, prior to the entry of this Order or after, will automatically be coordinated with this action without the necessity of future motions. This Order shall be filed in any future case identifying it as part of the Just for Men® coordinated litigation. This coordination, however, does not constitute a determination in any respect that the actions should be coordinated or consolidated for trial.

---

[1] Defendants have filed motions to dismiss in all cases based on multiple grounds, including lack of personal jurisdiction for certain plaintiffs. These motions remain pending and will be addressed in the future. Nothing in this Order should be construed in any way to limit Defendants' ability to pursue those motions fully.

**3.    Master Docket.** The Clerk of this Court will maintain a Master Docket which shall be designated as follows:

Case No. 3:16-cv-00638-DRH

Master Docket – In Re: *Just for Men® Mass Tort Litigation*

The Clerk of this Court shall place this Order and any subsequent Case Management Orders in the "*In Re: Just for Men® Mass Tort Litigation,*" *Master Docket Case No. 3:16-cv-00638-DRH.* As set forth in more detail below, the Master Docket will only include documents relating to "All Cases." All orders, pleadings, motions, and other documents will, when filed and docketed in the Master Docket, be deemed filed and docketed in each individual case.

**4.    Filing Procedures.** The filing of pleadings and documents in this Master Docket shall be limited to filings made by Co-Lead Counsel and Liaison Counsel for Plaintiffs and by Lead Counsel and Liaison Counsel for Defendants. No other counsel of record shall file any pleadings or documents directly in the Master Docket, and any attempt to do so, will not be accepted for filing by this Court. All documents filed in this Court, subsequent to those initiating a new case, must be filed electronically pursuant to this Court's E-Filing Rules and the CM/ECF User's Manual. Attorneys may register for electronic filing at http://www.ilsd.uscourts.gov/ecf/ecfAttyRegistration.aspx.

**a.    Master Docket Filings.** When a pleading is intended to be applicable to all actions, this shall be indicated by the words: "This

Document Relates to All Just for Men® Cases." Documents relating to All Cases shall be filed in the Master Docket Case only.

     **b.**    **Case-Specific Documents.** All case specific pleadings and documents must be filed in the individual case action only, and not in the Master Docket Case.

**5.**    **Notice of Electronic Filing.** With regard to case-specific filings, all attorneys of record in the relevant member action will receive a Notice of Electronic Filing ("NEF") from the Court. With regard to documents filed in the Master Docket Case, only those attorneys identified in the Master Docket Case as being counsel of record will receive an NEF from the Court. Interested Counsel are required to enter an appearance in the Master Docket via Liaison Counsel.

**6.**    **Admission of Counsel.** Attorneys admitted to practice and in good standing in any United States District Court are automatically admitted *pro hac vice* in this litigation and need not file a motion to be admitted *pro hac vice*. Association of local co-counsel is not required.

**7.**    **Local Rules and Procedures.** Counsel is expected to familiarize themselves with this Court's local rules and procedures including the following:

    **(a)**    **the Electronic Case Filing Rules**

- http://www.ilsd.uscourts.gov/documents/ECFRules.pdf

    **(b)**    **the CM/ECF User's Manual**

- http://www.ilsd.uscourts.gov/ECF/ecfManual.aspx

    **(c)**    **the procedure for submission of proposed documents[2]**

- http://www.ilsd.uscourts.gov/Ecf.aspx

    **(d)**    **Judge Herndon's Case Management Procedures**

- http://www.ilsd.uscourts.gov/documents/Herndon.pdf

**8.**    **Status Conference.**    The next status conference shall be held on September 21st, 2016 at 1:30 pm and prior to such date, the Court shall appoint leadership counsel.  At such conference Plaintiffs' Lead Counsel and Lead Counsel for Defendants shall be prepared to report to the Court on the following matters:

    **(a)**    **Court Expectations.** The Court expects Lead Counsel for Plaintiffs and Lead Counsel for Defendants to meet in advance of the Status Conference scheduled for September 21, 2016.  Counsel shall be prepared to discuss a plan for resolution of pending motions and a plan for management of the litigation going forward.  Counsel for the parties shall meet and confer before the conference concerning these plans.

    **(b)**    **Communications with the Court.** Unless otherwise ordered by this Court, all substantive communications with the Court shall be in writing, with copies to opposing counsel. Requests for specific dates and times for hearings should not be made without prior consultation with opposing counsel seeking agreement. Nevertheless, the Court recognizes that cooperation by and among plaintiffs' counsel and by and among

---

[2] The Court's local rules require that documents *submitted* to the Court be in a format compatible with WordPerfect. In this Consolidated Action, however, the Court will allow the parties to submit documents in a format that is compatible with Word.

defendants' counsel is essential for the orderly and expeditious resolution of this litigation. The communication of information among and between plaintiffs' counsel and among and between defendants' counsel shall not be deemed a waiver of the attorney-client privilege or the protection afforded attorney's work product, and cooperative efforts contemplated above shall in no way be used against any plaintiff by any defendant or against any defendant by any plaintiff. Nothing contained in this provision shall be construed to limit the rights of any party or counsel to assert the attorney client privilege or attorney work product doctrine.

(c) **List of Related Cases.** Counsel shall *file* a supplemental statement listing all known related cases pending in state or federal court in the Master Docket Case no later than five (5) days in advance of the September 21, 2016 Status Conference.

**9.** **Interim Lead Counsel.** Attorney Kristine K. Kraft is hereby designated Interim Lead Counsel for All Plaintiffs re Just for Men® Cases, and Attorney Stephen G. Strauss is hereby designated Interim Lead Counsel for Defendant parties Combe Incorporated, Combe Products, Inc., Combe Laboratories, Inc. and Combe International Ltd.

**10.** **Lead and Liaison Counsel Appointments.** The Court intends to appoint Plaintiffs' Lead Counsel and/or a Plaintiffs' Steering Committee, as well as Plaintiffs' Liaison Counsel. Given the small number of Plaintiffs' counsel of record in all the applicable cases, the Court expects counsel to make a single

unified proposal to this Court.  The uniform proposal for Plaintiffs' Counsel must be *submitted* to the Court on or before July 1, 2016 via the Court's proposed documents email address (DRHpd@ilsd.uscourts.gov).  In the same Order, the Court will also appoint Liaison and Lead Counsel for Defendants.  Counsel for the Defendants should advise plaintiffs' counsel and the Court of the specific counsel.


**SO ORDERED**

Digitally signed by Judge David R. Herndon
Date: 2016.06.27 15:54:50 -05'00'

**Date: June 27, 2016**

_____
**Honorable David R. Herndon**
**United States District Court Judge**

# ATTACHMENT A

**JUST FOR MEN® CASES**
**Attachment A – Cases Currently Pending in U.S.D.C., S.D. of IL**

1.   Garnett Davis v. Combe Incorporated, et al.
     USDC SD of IL – 3:16-cv-169 DRH-PMV

2.   Kendrick Lindsey, et al. v. Combe Incorporated, et al.
     USDC SD of IL – 3:16-cv-223-DRH-PMV

3.   Demarco Martin, et al. v. Combe Incorporated, et al.
     USDC SD of IL – 3:16-cv-227-DRH-PMV

4.   Renoldo Brownlee, et al. v. Combe Incorporated, et al.
     USDC SD of IL – 3:16-cv-228-DRH-PMV

5.   Johnnie Brim, et al. v. Combe Incorporated, et al.
     USDC SD of IL – 3:16-cv-229-DRH-PMV

6.   Donivan Lasley, et al. v. Combe Incorporated, et al.
     USDC SD of IL – 3:16:-cv-232-DRH-PMV

7.   Christopher McCray et al. v. Combe Incorporated et al.
     USDC SD of IL – 3:16-cv-474-DRH

8.   Sydney Shamburger, et al. v. Combe Incorporated, et al.
     USDC SD of IL – 3:16-cv-478

9.   Henry Hairston, et al. v. Combe Incorporated, et al.
     USDC SD of IL – 3:16-cv-609-DRH

10.  Sylvester Washington, et al. v. Combe Incorporated, et al.
     USDC SD of IL – 3:16-cv-611-DRH

11.  Pierre Sanders, et al. v. Combe Incorporated, et al.
     USDC SD of IL – 3:16-cv-628-DRH