UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE *JUST FOR MEN® MASS TORT LITIGATION* | 3:16-cv-00638-DRH |
| | Master Docket |
| This Document Applies To All Actions | Hon. David R. Herndon |

CASE MANAGEMENT ORDER NO. 5
(ESTABLISHING COMMON BENEFIT FEE AND EXPENSE FUND)

I.   SCOPE OF ORDER

This Order is entered to provide for the fair and equitable sharing among plaintiffs, and their counsel, of the burden of services performed and expenses incurred by attorneys acting for the common benefit of all plaintiffs in this complex litigation.

A.   **Governing Principles--The Common Benefit Doctrine.**

The governing principles are derived from the United States Supreme Court's common benefit doctrine, as established in *Trustees v. Greenough*, 105 U.S. 527 (1881); refined in, *inter alia, Central Railroad & Banking Co. v. Pettus*, 113 U.S. 116 (1884); *Sprague v. Ticonic National Bank*, 307 U.S. 161 (1939); *Mills v. Electric Auto-Lite Co.*, 396 U.S. 375 (1970); *Boeing Co. v. Van Gemert*, 444 U.S. 472 (1980); and approved and implemented in the MDL context, in *inter alia, In re MGM Grand Hotel Fire Litigation*, 660 F.Supp. 522, 525-29 (D. Nev. 1987); and *In re Air Crash Disaster at Florida Everglades on December 29, 1972*, 549 F.2d 1006, 1019-21 (5th Cir. 1977).  Given that these actions constitute a Mass Tort Litigation, the Court finds the foregoing principles to be instructive.

B. **Application.**

This Order applies to all cases now pending, or later filed in, transferred to, or removed to, this Court and treated as part of the coordinated proceeding known as I*n re: Just For Men® Mass Tort Litigation*, Master Docket 3:16-cv-00638-DRH. This Order further applies to all plaintiffs' attorneys who sign the "Participation Agreement" attached hereto as Exhibit A.

C. **Participation Agreement (Exhibit A).**

Exhibit A, attached hereto and incorporated herein, is a voluntary Participation Agreement between plaintiffs' attorneys who have cases pending in some other federal court and/or in state court. The Participation Agreement is a private and cooperative agreement between plaintiffs' attorneys only (Participating Counsel); and not Defendants. Participating Counsel include all members of the Plaintiffs' Steering Committee (PSC) (as designated in Order No. 2) and any other plaintiffs' attorneys who execute the Participation Agreement within twenty (20) days of their first case they have docketed in this Mass Tort Litigation.[1] Participating Counsel are entitled to receive the "Common Benefit Work Product." Counsel who choose not to execute the Participation Agreement, are not entitled to receive Common Benefit Work Product, however if non-participating counsel receives Common Benefit Work Product, any other work product created pursuant to this Order, or otherwise benefit by the work performed by the PSC in the *Just For Men Mass Tort Litigation*, those cases will be subject to an

---

[1] All PSC members (and their respective firms) are deemed to have executed the Participation Agreement as of the date of this Order.

assessment to be determined by this Court and those counsel shall be responsible for payment of the assessments set forth in this Order into the Common Benefit Fund.

## II.     PLAINTIFFS' LITIGATION FEE AND EXPENSE FUNDS

### A.     Establishing the Fee and Expense Funds.

At an appropriate time, Plaintiffs' Liaison Counsel ("PLC") will be directed to establish two interest-bearing accounts to receive and disburse funds as provided in this Order (the "Funds"). The first fund shall be designated the "*Just for Men*® Fee Fund" and the second fund shall be designated the "*Just for Men*® Expense Fund." These funds will be held subject to the direction of this Court. No party or attorney has any individual right to any of these funds except to the extent of amounts directed to be disbursed to such person by order of the Court. These funds do not constitute the separate property of any party or attorney and are not subject to garnishment or attachment for the debts of any party or attorney except when and as directed to be disbursed as provided by court order to a specific person.

By subsequent Order, the Court will appoint an individual to serve as Escrow Agent to manage the Funds. The Escrow Agent shall keep detailed records of all deposits and withdrawals and will be directed to prepare tax returns and other tax filings in connection with the Funds. The Escrow Agent will turn in time records on a monthly basis to Liaison Counsel reflecting the time spent in managing the Funds. Upon approval by the Court, the foregoing time shall be paid

from the *Just For Men® Mass Tort Litigation* Common Benefit Expense Fund and shall be considered a shared cost in accordance with § III. B.1., below. The PLC shall provide a copy of this Order to the Escrow Agent and the Plaintiffs' Co-Lead Counsel.

      **B.**      **Payments into the Fee and Expense Funds: The Assessment.**

All Plaintiffs and their attorneys who are subject to this Order and who, either agree or have agreed — for a monetary consideration — to settle, compromise, dismiss, or reduce the amount of a claim or, with or without trial, recover a judgment for monetary damages or other monetary relief, including such compensatory and punitive damages, with respect to *Just For Men®* claims are subject to an assessment of the "gross monetary recovery," as provided herein.

      **1.**      <u>**Gross monetary recovery**</u>.

Gross monetary recovery includes any and all amounts paid to plaintiffs' counsel by Defendants through a settlement or pursuant to a judgment. In measuring the "gross monetary recovery," the parties are to (a) exclude court costs that are to be paid by the defendant; (b) include any payments to be made by the defendant on an intervention asserted by third-parties, such as to physicians, hospitals, and other healthcare providers in subrogation related to treatment of plaintiff and any governmental liens or obligations (e.g., Medicare/Medicaid); and (c) include the present value of any fixed and certain payments to be made in the future. The assessment shall apply to all of the cases

of the Plaintiff's attorneys who are subject to this Order that are pending in the Mass Tort Litigation or, to the extent the Plaintiff's attorneys have signed the Participation Agreement, to any state court action in which they have entered their appearance as counsel of record, as well as any unfiled or tolled cases of such attorneys in which they are counsel or co-counsel and have entered into a tolling agreement with Defendants.

2. **Assessment Amount.**

(a) <u>Early Participation</u> – The assessment amount shall be eight (8) percent (four (4) percent for common benefit attorneys' fees and four (4) percent for costs) for Early Participation Counsel;

(b) <u>Late Participation</u> – The assessment amount shall be ten (10) percent (six (6) percent for common benefit attorneys' fees and four (4) percent for costs) for Late Participation Counsel.

3. **Defendants' Obligations.**

Defendants and their counsel shall not distribute any settlement proceeds to plaintiff's counsel (or directly to a plaintiff) for a case pending in the Mass Tort Litigation or for a case pending in another jurisdiction in which plaintiff's counsel is counsel of record in the case and defendant has been advised in writing that plaintiff's counsel has signed the Participation Agreement until after defendants' counsel notifies PLC in writing of the existence of a settlement and the name of the individual plaintiff's attorney. The PLC shall have 10 days to notify defendants' counsel in writing as to whether or not they believe the individual plaintiff's

5

attorney's cases are subject to an assessment and the amount (stated as a percentage of the recovery) of the assessment pursuant to this Order. To the extent there is a disagreement as to whether the plaintiff's attorney's cases are subject to the assessment, the PLC, Defendants, and plaintiff's counsel whose case is at issue shall meet and confer and, to the extent necessary, bring the matter to the Court's attention for adjudication as to whether the cases are subject to an assessment. For cases subject to an assessment, defendants are directed to withhold an assessment from any and all amounts paid to plaintiffs and their counsel and to pay the common benefit expense and fee assessments directly into the Funds as a credit against the settlement or judgment. No orders of dismissal of any plaintiff's claim, subject to this Order, shall be entered unless accompanied by a certificate of plaintiff's and defendant's counsel that the assessment, where applicable, will be withheld and will be deposited into the Funds at the same time the settlement proceeds are paid to settling counsel. If for any reason the assessment is not or has not been so withheld, the plaintiff and his counsel are jointly responsible for paying the assessment into the Fund promptly.

### III. <u>COMMON BENEFIT EXPENSES</u>

#### A. **Qualified Expenses Eligible for Reimbursement.**

In order to be eligible for reimbursement of common benefit expenses, said expenses must meet the requirements of this section and the limitations set forth in the Participation Agreement. Specifically, said expenses must be (a) for the common benefit, (b) appropriately authorized by Co-Lead Counsel or Liaison

Counsel, (c) timely submitted, within the defined limitations set forth in this Order, and (d) properly verified.

B. **Shared and Held Common Benefit Expenses.**

1. **Shared Costs.**

Shared Costs are costs incurred for the common benefit of the Mass Tort Litigation as an account that has already been established by PLC and to be funded by all members of the PSC and others as determined by the PSC and its designated subcommittees. All Shared Costs must be approved by Plaintiffs' Co-Lead or Liaison Counsel prior to payment. Shared Costs include: (a) Certain Court, filing and service costs; (b) Deposition and court reporter costs for non-case specific depositions; (c) Document Depository: creation, operation, equipment and administration; (d) Plaintiffs' Co-Lead and Liaison Counsel administrative matters (e.g., expenses for equipment, technology, courier services, long distance, telecopier, electronic service, photocopy and printing, secretarial/temporary staff, etc.); (e) PSC group administration matters such as meetings and conference calls; (f) Legal and accountant fees; (g) Generic expert witness and consultant fees and expenses; (h) Printing, copying, coding, scanning (out of house or extraordinary firm cost) (i) Research by outside third party vendors/consultants/ attorneys; (j) Common witness expenses including travel; (k) Translation costs; (l) Bank or financial institution charges; and (m) Investigative services.

### 2. Held Costs.

Held Costs are those that will be carried by each Participating Counsel in the Mass Tort Litigation or state court and reimbursed as and when approved by this Court. Held costs can also include unreimbursed and authorized shared costs. Held Costs are costs incurred for the global benefit of the litigation. Held Costs are those that do not fall into the above Shared Costs categories but are incurred for the benefit of all plaintiffs in general. All costs of a substantial nature that meet these requirements and fall under the following categories shall be considered Held Costs and qualify to be submitted for consideration by the Court for future reimbursement from the *Just For Men*® Expense Fund.

### C. Authorization and Submission.

The Participation Agreement sets forth the guidelines for authorizing and submitting expenses for the common benefit.

### D. Expenses Limitations.

### 1. Travel Limitations.

Except in extraordinary circumstances approved by Plaintiffs Co-Lead or Liaison Counsel, all travel reimbursements are subject to the following limitations:

> (i) <u>Airfare</u>. Only the price of a coach seat for a reasonable itinerary will be reimbursed. Business/First Class Airfare will not be fully reimbursed, except for international flights, which requires prior approval by Plaintiffs Co-Lead or Liaison Counsel in order to be considered for reimbursement. If Business/First Class Airfare is used on domestic flights then the difference between the Business/First Class Airfare must be shown on the travel reimbursement form, and only the coach fare will be will be reimbursed.

(ii)     <u>Hotel</u>. Hotel room charges for the average available room rate of a business hotel, including the Hyatt, Westin, and Marriott hotels, in the city in which the stay occurred will be reimbursed. Luxury hotels will not be fully reimbursed but will be reimbursed at the average available rate of a business hotel.

(iii)    <u>Meals</u>. Meal expenses must be reasonable.

(iv)    <u>Cash Expenses</u>. Miscellaneous cash expenses for which receipts generally are not available (tips, luggage handling, pay telephone, etc.) will be reimbursed up to $50.00 per trip, as long as the expenses are properly itemized.

(v)     <u>Rental Automobiles</u>.    Luxury automobile rentals will not be fully reimbursed, unless only luxury automobiles were available. If luxury automobiles are selected when non-luxury vehicles are available, then the difference between the luxury and non-luxury vehicle rates must be shown on the travel reimbursement form, and only the non-luxury rate may be claimed, unless such larger sized vehicle is needed to accommodate several counsel.

(vi)    <u>Mileage</u>. Mileage claims must be documented by stating origination point, destination, total actual miles for each trip, and the rate per mile paid by the member's firm. The maximum allowable rate will be the maximum rate allowed by the IRS (currently 50.5 cents per mile).

**2.   Non-Travel Limitations**

(i)     <u>Long Distance and Cellular Telephone</u>: Long distance and cellular telephone charges must be documented. Copies of the telephone bills must be submitted with notations as to which charges relate to the Just For Men® Mass Tort litigation. Submissions may be redacted to remove non-Just For Men® related calls.

(ii)    <u>Shipping, Courier, and Delivery Charges</u>: All claimed expenses must be documented with bills showing the sender, origin of the package, recipient, and destination of the package.

(iii)   <u>Postage Charges</u>: A contemporaneous postage log or other supporting documentation must be maintained and submitted. Postage charges are to be reported at actual cost.

(iv)    <u>Telefax Charges</u>: Contemporaneous records should be maintained and submitted showing faxes sent and received. The per-fax charge shall not exceed $1.00 per page.

        (v)    In-House Photocopy: A contemporaneous photocopy log or other supporting documentation must be maintained and submitted. The maximum copy charge is 20¢ per page.

        (vi)    Computerized Research – Lexis/Westlaw: Claims for Lexis or Westlaw, and other computerized legal research expenses should be in the exact amount charged to or allocated by the firm for these research services.

    **E.**    **Verification.**

The forms detailing expenses shall be certified by a senior partner in each firm attesting to the accuracy of the submissions. Attorneys shall keep receipts for all expenses. Credit card receipts are an appropriate form of verification so long as accompanied by a declaration from counsel that work was performed and paid for the common benefit.

    **F.**    **Costs and/or Expenses in Excess of Amounts Available in the Expenses Fund.**

Any compensable costs and/or expenses that exceed the amounts available in the Just For Men® Expense Fund may be compensable by the *Just For Men*® Fee Fund upon Order of the Court.

**IV.**    **COMMON BENEFIT WORK.**

    **A.**    **Qualified Common Benefit Work Eligible for Reimbursement.**

Only Participating Counsel are eligible for reimbursement for time and efforts expended for the common benefit. Participating Counsel shall be eligible for reimbursement for time and efforts expended for common benefit work, if said time and efforts are (a) for the common benefit, (b) appropriately authorized

by Co-Lead Counsel or Liaison Counsel, (c) timely submitted, and (d) approved by this Court.

### B. Compensable Common Benefit Work Defined.

As the litigation progresses and common benefit work product of the same type and kind continues to be generated, the PLC and Co-Lead Counsel will assign Participating Counsel with such common benefit work. In the Just For Men® Mass Tort Litigation, common benefit work shall include only work specifically assigned to Participating Counsel by the PLC and Co-Lead Counsel. Examples of common benefit work include, but are not limited to, maintenance and working in the depository; review and document coding; timelines; materials provided to experts; authorized expert retention; the deposition cuts that may be used in a case set for trial; the trial exhibit preparation; the scientific articles assembled; certain PSC activities; discovery; legal research; drafting pleadings and briefs; expert development; and the preparation for and taking of authorized depositions of Defendants and third-party witnesses, and expert depositions.

### C. Authorization and Time Keeping.

All time must be authorized and accurately and contemporaneously maintained. Time shall be kept according to these guidelines as set forth in the Participation Agreement.

### D. Distributions.

#### 1. Procedures and Forms.

Time and Expense submissions shall be made pursuant to the procedures established by Co-Lead Counsel or Liaison Counsel. Questions regarding the guidelines or procedures or the completion of any form should be directed to Plaintiffs' Co-Lead or Liaison Counsel.

#### 2. Court Approval.

The amounts deposited in the *Just For Men*® Fee and Expense Funds shall be available for distribution to Participating Counsel who have performed professional services or incurred expenses for the common benefit. No amounts will be disbursed without review and approval by the Court or such other mechanism as the Court may order. Specifically, such sums shall be distributed only upon Order of the Court in *Just For Men*® *Mass Tort Litigation 3:16-cv-6380-DRH*. This Court retains jurisdiction over any common benefit award.

Any Counsel who does not sign the Participation Agreement shall not be eligible to receive Common Benefit payments for any work performed or expenses incurred.

3. **Special Master.**

At the appropriate time, this Court shall appoint a Special Master to make recommendations to this Court on the issues of how any money in the *Just For Men*® Fee and Expense Funds shall be distributed among Participating Counsel.

**IT IS SO ORDERED.**

**Dated: March 9, 2017**

Digitally signed by Judge David R. Herndon
Date: 2017.03.09 12:11:44 -06'00'

**United States District Judge**